IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES VAN NORT,

        Plaintiff,               No. CIV S-09-1566 KJM P

    vs.

KATHLEEN DICKINSON,
Warden, CMF, et al.,

        Defendants.        <u>ORDER</u>

                       /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.20 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that the steel bunks in the Y-Dorm at California Medical Facility (CMF) abut electrical outlets, which puts him in danger of being shocked. He also alleges that not all bunks have outlets near them, so inmates stretch extension cords across the floor and "by no means is this up to code." He avers that the wiring "poses a very big hazard to myself and others" particularly because the electrical panel is not in the dorm, but rather is in the basement,

2

which would cause a delay in shutting off the power in the case of an emergency. Finally, he alleges that the dorm "is being used as a dumping ground for all the misfits and violent predators just released from the hole," which also puts plaintiff in danger.

Plaintiff names as defendants Kathleen Dickinson, the Warden; Vicky Flandi, Associate Warden; Greg Block, Chief Engineer; and Doug Traub, electrician. He alleges that these defendants are aware of the electrical problems in Y-Dorm and have taken no steps to correct the problems. He has attached copies of the grievance he pursued, showing that defendant Traub responded to the grievance by noting that the positioning of the outlets did not violate requirements, there was no requirement that the breaker box be in the dorm itself and that he "did not find immediate hazards to inmates and staff." Docket No. 1 at 19.[1] At the first level, defendant Flandi adopted Traub's conclusions, noted that properly grounded extension codes in good condition did not violate any electrical codes and observed that "an on-going monthly electrical survey will be conducted by Plant Operations. . . ." Id. at 20-21. Defendant Block interviewed plaintiff in connection with the second level of his grievance, which was ultimately reviewed by defendant Dickinson, who concluded that potential safety hazards were eliminated by the installation of GFCI outlets in the restrooms and by the drinking fountain. Id. at 22-23.

The Supreme Court has recognized that "[i]t is cruel and unusual punishment to hold convicted criminals in unsafe conditions. . . . [A] remedy for unsafe conditions need not await a tragic event." Helling v. McKinney, 509 U.S. 25, 33 (1993) (internal quotation, citation omitted). However, a prison official will not violate an inmate's Eighth Amendment rights unless "the official knows of and disregards an excessive risk to inmate health or safety," which requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825 837 (1993). Courts have suggested that the Eighth Amendment might be

---

[1] The court relies on the page numbers assigned by its CM/ECF system.

3

violated if inmates are housed in areas with exposed electrical wiring, but also that there is no constitutional violation from electrical problems that constitute only "minor hazard[s] . . . easily avoided." Helling v. McKinney, 509 U.S. at 34; Morrisette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995).

In this case, plaintiff has not alleged that the other inmates' extension cords are frayed or in poor condition or that the outlets to which these cords have been run are overloaded. Moreover, although he alleges there are problems from the placement of the bunks against some outlets, he has provided documentation showing that the defendants, including the prison electrician and the prison engineer, did not believe the placement of the bunks or of the breaker panel created any sort of hazard. Plaintiff has not pleaded sufficient facts to allow the court to draw the inference that these defendants are deliberately indifferent to his safety. See Littlejohn v. Moody, 381 F.Supp.2d 507, 511 (E.D. Va. 2005) (defendant could not be deemed to know machine unsafe when plaintiff's allegations showed he had sent it to be repaired, suggesting it was safe when returned). Here, plaintiff's allegations suggest that the other defendants could rely on defendant Traub's conclusion that there were no immediate hazards. Id.

Plaintiff's claim that Y-Dorm is a dumping ground is too vague to suggest that the conditions are so unsafe as to create an Eighth Amendment violation or that these defendants were aware of these conditions. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint, if plaintiff is able to do so while complying with Fed. R. Civ. P. 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

4

1 there is some affirmative link or connection between a defendant's actions and the claimed
2 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
3 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
4 allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of
5 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 2) is granted.

   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.20. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   3. Plaintiff's complaint is dismissed.

/////
/////
/////
/////
/////

1    4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in an order dismissing this action.

DATED: January 11, 2010.

_____
U.S. MAGISTRATE JUDGE

2
vann1566.14