IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. VAN NORT

     Plaintiff,                        No. 2:09-cv-1566 KJN (TEMP) P

     vs.

KATHLEEN DICKINSON, et al.

     Defendants.                 ORDER

/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, in an action under 42 U.S.C. § 1983. He has filed a motion to compel defendants to release him from administrative segregation. The court construes the request as a motion for a preliminary injunction.

        A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The

1

proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc, 129 S. Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

       Plaintiff has failed to demonstrate that any of the relief he presently seeks (i.e., his removal from administrative segregation) is essential to preserve the status quo in the underlying action.  More significantly, plaintiff does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm—either on the merits of the instant litigation or, more fundamentally, to his person.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.  Because plaintiff has not made the requisite showing, his request for injunctive relief will be denied.

       Plaintiff's transfer to administrative segregation raises the jurisdictional issue whether his action has been rendered moot.  Plaintiff filed this suit complaining of hazardous conditions related to electrical wiring and outlets on Unit IV Y-Dorm ("Y-Dorm"), where he was assigned when he filed his complaint.  As plaintiff put it in his operative pleading, "Plaintiff is only concerned with Y-Dorm and the problems therein." Second Amended Complaint at 2 (Dkt # 10).  Generally, when a prisoner complains of unconstitutional conditions of confinement and

is transferred to another facility, a claim for injunctive relief from those conditions becomes moot.  See Brady v. Smith, 656 F.2d 466, 468 (9th Cir.1981);  Darring v. Kinchoe, 783 F.2d 874, 876 (9th Cir.1986); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1990).  Therefore, plaintiff's transfer to administrative segregation could have significantly impacted whether the second amended complaint continues to present a justiciable case or controversy—that is, whether this court continues to have jurisdiction over this case.

A plaintiff may avoid a finding of mootness if he can demonstrate a reasonable expectation of returning to the facility where the allegedly unconstitutional conditions persist. Darring, 783 F.2d at 876.  The court will order the parties to brief whether this case is moot in light of plaintiff's transfer to administrative segregation.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel plaintiff's release from administrative segregation (Dkt. # 26) is denied.

2. The parties will, within thirty days of the entry of this order, submit briefing on the issue of whether plaintiff's transfer to administrative segregation renders this case moot.

DATED:  May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vann1566.ord

3