IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. VAN NORT,

    Plaintiff,                    No. 2:09-cv-1566 KJN (TEMP) P

    vs.

KATHLEEN DICKINSON, et al.      ORDER and

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, in an action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, et seq., and unspecified state laws. At all times relevant to his claims, plaintiff was confined to a wheelchair. See Second Amended Complaint at 1 (Dkt. # 10). He alleges that when he was assigned to Unit IV Y-Dorm ("Y-Dorm") at California Medical Facility ("CMF"), he was shocked by electrical outlets that were improperly aligned next to his metal-framed bunk. He also alleges that electrical cords running across the floor on Y-Dorm posed a hazard that could be "stepped on, tripped over, [or] run across with wheelchairs." Id. at 2. He further alleges that on Y-Dorm "ceiling tiles are falling off and have hit Plaintiff on many occasions," and that floor tiles have broken, "on one occasion caus[ing] the Plaintiff to be thrown out of his wheelchair." Id. at 3. He alleges these conditions constitute violations of the Eighth Amendment

1  and the ADA.  Id. at 1.

2        Defendants filed a motion to dismiss, arguing: (1) plaintiff failed to exhaust

3  administrative remedies as to his claims regarding ceiling and floor conditions and his claims

4  under the ADA; (2) plaintiff has failed to state a cognizable Eighth Amendment claim; (3)

5  plaintiff has failed to state a cognizable ADA claim; and (4) defendants are entitled to qualified

6  immunity.  For the reasons set forth herein, the undersigned recommends that defendants' motion

7  to dismiss be granted.

8      I. <u>WHETHER THE COURT HAS RETAINED JURISDICTION</u>

9        On May 18, 2011, the court denied plaintiff's motion for an order compelling his

10 removal from administrative segregation.  The motion was the court's first notice that plaintiff no

11 longer resides on Y-Dorm, where all of the allegedly illegal living conditions exist.  The court

12 stated that

13     [p]laintiff's transfer to administrative segregation raises the jurisdictional issue whether his action has been rendered moot.
14     Plaintiff filed this suit complaining of hazardous conditions related to electrical wiring and outlets on Unit IV Y-Dorm ("Y-Dorm"),
15     where he was assigned when he filed his complaint.  As plaintiff put it in his operative pleading, "Plaintiff is only concerned with Y-
16     Dorm and the problems therein."  Second Amended Complaint at 2 (Dkt # 10).  Generally, when a prisoner complains of
17     unconstitutional conditions of confinement and is transferred to another facility, a claim for injunctive relief from those conditions
18     becomes moot.  See <u>Brady v. Smith</u>, 656 F.2d 466, 468 (9th Cir. 1981); <u>Darring v. Kinchoe</u>, 783 F.2d 874, 876 (9th Cir. 1986);
19     <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1990).  Therefore, plaintiff's transfer to administrative segregation could significantly
20     impact whether the second amended complaint continues to present a justiciable case or controversy – that is, whether this
21     court continues to have jurisdiction over this case.

22 Order at 2-3 (Dkt. # 33).  The court ordered the parties to submit briefing on the jurisdictional

23 effect of plaintiff's transfer to administrative segregation.  Defendants complied with that order,

24 but plaintiff did not.

25       As the court noted in its order for additional briefing, "[a] plaintiff may avoid a

26 finding of mootness if he can demonstrate a reasonable expectation of returning to the facility

where the allegedly unconstitutional conditions persist." Id. at 3 (citing Darring, 783 F.2d at 876). Plaintiff's failure to respond to the court's order amounts to a failure to make a showing that he reasonably expects to return to Y-Dorm. Therefore, to the extent plaintiff seeks injunctive relief under § 1983 or the ADA,[1] his claim has been rendered moot by his transfer to administrative segregation.

      II.      WHETHER PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED

Without any justiciable claim for injunctive relief, the most salient question left is whether plaintiff has any cognizable claim for damages. Defendants raised that question before plaintiff's transfer became known, arguing in their motion to dismiss that plaintiff has failed to state a claim on which relief could be granted under the Eighth Amendment or the ADA.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic

---

[1] Even had he not been transfered out of Y-Dorm, plaintiff could not sustain an individual claim for injunctive relief under the ADA. While prison inmates are entitled to bring an action under the ADA for damages related to a single incident, plaintiff's claims for injunctive and declaratory relief under the ADA are barred by two existing class action suits, Plata v. Schwarzenegger, No. 01-1351 (N.D. Cal. filed April 5, 2001), and Armstrong v. Schwarzenegger, No. 04-2307 (N.D. Cal. filed June 29, 1994). Plata and Armstrong are prisoner class actions for injunctive relief addressing the adequacy of medical care provided by the CDCR under the Eighth Amendment and the ADA. Individual suits for injunctive or equitable relief from allegedly unconstitutional conditions of confinement or violations of the ADA cannot be brought where there is a pending class action suit involving the same subject matter. Fleming v. Schwarzenegger, 2010 WL 3069349 at *2 (N.D. Cal. Aug. 4, 2010). A class action suit seeking only declaratory or injunctive relief does not bar subsequent individual damage claims by class members. Id. Plaintiff's claims for injunctive and declaratory relief under the ADA, however, cannot proceed in this case.

1  Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the
2  elements of a cause of action, supported by mere conclusory statements, do not suffice."
3  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can
4  grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial
5  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

   A.   Plaintiff's Eighth Amendment Claim for Damages

8          Defendants argue that plaintiff has failed to state a claim under the Eighth
9  Amendment in part because "plaintiff does not allege that the purported shocks have harmed him
10 in any way." Motion Dismiss at 11 (Dkt # 17). They are correct: the second amended complaint
11 does not aver any specific injury at all. Plaintiff alleges that he was shocked by the electrical
12 outlets near his bunk, but that allegation alone, without a description of actual harm suffered,
13 does not suffice as a statement of injury that would, if proven, warrant an award of damages.

14         As stated above, pro se pleadings are held to a less stringent standard than those
15 drafted by lawyers. See Haines, supra. Still, the Supreme Court's recent iterations of the federal
16 pleading standard make it clear that a plaintiff cannot simply say "I was injured" and survive a
17 challenge under Rule 12(b)(6). See Iqbal, supra. Such an allegation is precisely the kind of
18 conclusory averment disallowed by Iqbal. Indeed, the court notes that failing to include any
19 detail of injury in a tort claim is a telling omission: while other legal nuances may understandably
20 escape a plaintiff who drafts a complaint without the aid of counsel, a plaintiff who has been
21 physically injured in a way that would justify an award of money damages rarely fails to describe
22 the injury in his complaint. The liberal inferences given a pro se plaintiff's complaint do not
23 stretch so far as to assume an injury where none has been pled, particularly when the hazardous
24 condition is something as potentially harmful as a live electrical current.

25         The court can only conclude that if one of the allegedly misplaced electrical
26 outlets on Y-Dorm had caused plaintiff an injury, he would have described it. The same must be

4

said for the allegedly hazardous floor conditions, which plaintiff claims caused him to be thrown from his wheelchair: again, plaintiff includes no report of physical harm. As for the falling ceiling tiles, plaintiff is a bit more explicit about his lack of injury, saying "it is only a matter of time before Plaintiff is seriously injured by one of these tiles falling from the ceiling." Second Amended Complaint at 3. The logical inference here, of course, is no injury has happened yet.

"Only a matter of time" is not a viable theory of liability with respect to any claim for damages under § 1983. With his claim to any prospective relief mooted by his placement on administrative segregation, there is no relief left to award. For that reason, the court need not address defendants' other arguments for dismissal of plaintiff's claims under § 1983. Plaintiff's claims for violation of the Eighth Amendment should be dismissed for failure to state a claim.

### B. Plaintiff's ADA Claim for Damages

To state a claim for damages under the ADA against a public official or entity, a plaintiff must plead: (1) that he has a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services or was otherwise discriminated against by the public entity; (4) such exclusion, denial or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). A plaintiff must also show that the discrimination was intentional. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). For purposes of an ADA claim, the Ninth Circuit has equated intentional discrimination with deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff has adequately pled the first two elements of his ADA claim, but he has effectively pled himself out of the last element, discrimination by reason of his disability. The pleading deficiency lies in plaintiff's own description of Y-Dorm's allegedly non-compliant conditions under the ADA. He states that "[t]hese tiles, both floor and ceiling, are very hazardous not only to people in wheelchairs but also to those people that can walk." Second

Amended Complaint at 3. In characterizing the falling and broken tiles as a hazard to everybody on Y-Dorm, plaintiff eliminates a plausible claim that prison officials intentionally or with deliberate indifference discriminated against him because of his confinement to a wheelchair.

Likewise, there is nothing in plaintiff's description of the allegedly hazardous electrical outlets that evinces discrimination against his particular disability. Rather, the inference from his complaint can only be that the outlets' placement next to his bunk would imperil anybody who was assigned to that bunk, not just somebody with his disability. Nowhere does he suggest that he was at risk of electric shock because of his confinement to a wheelchair. Without that allegation, he cannot proceed on a claim for damages under the ADA.

        C.   Plaintiff's State Law Claim

Finally, plaintiff has vaguely alleged that the conditions on Y-Dorm violated state law. Here too, plaintiff has not sufficiently pled his claim, which, regardless of what theory of state law tort liability he might pursue, is governed by the California Tort Claims Act ("CTCA"). "As a condition precedent to suit against a public entity, the [CTCA] requires the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (citations omitted). The Ninth Circuit enforces California's pleading requirement that a complaint against a public actor or entity allege or demonstrate compliance with the CTCA's notice provisions. See Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Having failed to aver that he first presented his state law claims in compliance with the CTCA, plaintiff cannot proceed on those claims now.

Accordingly, IT IS ORDERED that the Clerk of Court assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (Dkt. # 17) be granted.

2. Plaintiff's claims for injunctive relief under § 1983 and the ADA be dismissed

as moot.

3. Plaintiff's claims for damages under § 1983 and the ADA be dismissed for failure to state a claim on which relief can be granted.

4. Plaintiff's state law claims be dismissed for failure to comply with the California Tort Claims Act.

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vann1566.57